## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MATHEW DELESKIEWICZ** : | |
| : | |
| : | **CIVIL ACTION COMPLAINT NO**. |
| Plaintiff, : | |
| : | **JURY TRIAL OF TWELEVE (12)** |
| : | **DEMANDED** |
| v. : | |
| : | |
| **TRANS UNION LLC** : | |
| : | |
| **and** : | |
| : | |
| **EQUIFAX INFORMATION SERVICES** : | |
| **LLC** : | |
| Defendants. : | |

## COMPLAINT

NOW comes the Plaintiff, Mathew Deleskiewicz (hereinafter the "Plaintiff"), through their

Counsel of record to make their allegations known against the Defendants by and through their

complaint that alleges the following:

## PRELIMINARY STATEMENT

1.     This is an action for actual, statutory and punitive damages, costs, and attorney's fees

pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act)

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

3.     Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial

part of the events giving rise to the claim occurred here since Plaintiff resides in the Eastern District

of Pennsylvania. Additionally, venue is proper under 28 U.S.C. §1391(b)(1) due to the fact Trans

Union has a major corporate office in the Eastern District of Pennsylvania and thus resides in the

Eastern District of Pennsylvania. AES, Navient, Inc. and Pennsylvania Higher Education Assistance Agency d/b/a Fedloan Servicing conduct business on a regular basis in the Eastern District of Pennsylvania. Furthermore, AES, Navient, Inc. and Pennsylvania Higher Education Assistance Agency d/b/a Fedloan Servicing, have been continually reporting data on Plaintiff's accounts with them to Trans Union's corporate office located in the Eastern District of Pennsylvania. Additionally, when Trans Union sent AES, Navient, Inc. and Pennsylvania Higher Education Assistance Agency d/b/a Fedloan Servicing the ACDV in regard to Plaintiff's dispute of the AES, Navient, Inc. and Pennsylvania Higher Education Assistance Agency d/b/a Fedloan Servicing accounts the dispute response were sent by AES, Navient, Inc. and Pennsylvania Higher Education Assistance Agency d/b/a Fedloan Servicing to Trans Union's corporate office located in the Eastern District of Pennsylvania. Due to the fact Plaintiff lives in Pennsylvania, their damages were suffered from in Pennsylvania. Thus, venue is appropriate to Trans Union under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claim occurred in the Eastern District of Pennsylvania. Based on information and belief, Equifax is reporting accounts on over one million consumers in the Eastern District of Pennsylvania and is thus subject to this court's jurisdiction.

## **PARTIES**

4.      Plaintiff is a natural person and is a citizen of Pennsylvania. At all relevant times to this complaint Plaintiff has lived in the Eastern District of Pennsylvania. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5.      Defendant, Trans Union, LLC, (hereinafter Trans Union) is a For-Profit Limited Liability Company registered to do business in Pennsylvania and with a registered agent in Pennsylvania. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f)

2

and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d) to third parties. Based on information and belief, Trans Union's main corporate office is located in the Eastern District of Pennsylvania.

6.      Defendant, Equifax Information Services, LLC, (hereinafter Equifax) is a For-Profit Limited Liability Company registered to do business in Pennsylvania and with a registered agent in Pennsylvania. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d) to third parties. Based on information and belief, Equifax is reporting consumer credit files on over two million consumers in Pennsylvania.

<strong><u>FACTUAL ALLEGATIONS</u></strong>

7.      Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

8.      Plaintiff's debt on AES accounts # 7PA0**** and # 7PAO**** arose from student loans. The debt from these accounts was eliminated on or about 08/15/2014 which brought them current with a $0 balance, according to Plaintiff's Trans Union credit disclosure.  Plaintiff's debt obligation on AES accounts # 7PA0**** and #7PAO**** ceased to exist on or before 08/15/2014. Despite the debt related to AES accounts # 7PA0**** and #7PAO**** being fully eliminated on or before 08/15/2014, AES continued to report an erroneous pay status of Account 120 Days Past Due Date as of 11/11/2018.

9.      Plaintiff's debt on Navient accounts # 1ER0****, # 1ER0****, # 1ER0**** and #1ER0**** arose from student loans. The debt from these accounts was eliminated on or about

04/07/2017 which brought them current with a $0 balance, according to Plaintiff's Trans Union credit disclosure. Plaintiffs debt obligation on Navient accounts # 1ER0****, # 1ER0****, # 1ER0**** and #1ER0**** ceased to exist on or before 04/07/2017. Despite the debt related to Navient accounts # 1ER0****, # 1ER0****, # 1ER0**** and #1ER0**** being fully eliminated on or before 04/07/2017, Navient continued to report an erroneous pay status of Account 120 Days Past Due Date as of 11/11/2018.

10.    Plaintiff's debt on Navient accounts # 1ER0**** and #1ER0**** arose from student loans. The debt from these accounts was eliminated on or about 03/31/2017 which brought them current with a $0 balance, according to Plaintiff's Trans Union credit disclosure.  Plaintiff's debt obligation on Navient accounts # 1ER0**** and #1ER0**** ceased to exist on or before 03/31/2017. Despite the debt related to Navient accounts # 1ER0**** and #1ER0**** being fully eliminated on or before 03/31/2017, Navient continued to report an erroneous pay status of Account 120 Days Past Due Date as of 11/11/2018.

11.    Plaintiff's debt on Fedloan accounts #8FD0****, #8FD0****, #8FD0****, #8FD0****, #8FD0**** and #8FD0**** arose from student loans. The debt from these accounts was eliminated on or about 03/09/2015 which brought them current with a $0 balance, according to Plaintiff's Trans Union credit disclosure. Plaintiff's debt obligation on Fedloan accounts # 8FD0****, # 8FD0****, # 8FD0****, #8FD0****, #8FD0**** and #8FD0**** ceased to exist on or before 03/09/2015. Despite the debt related to Fedloan accounts # 8FD0****, # 8FD0****, # 8FD0****, #8FD0****, #8FD0**** and #8FD0**** being fully eliminated on or before 03/09/2015, Fedloan continued to report an erroneous pay status of Account 120 Days Past Due Date as of 11/11/2018.

12.     Plaintiff's debt on AES accounts # 7PA0**** and # 7PAO**** arose from student loans. The debt from these accounts was eliminated on or about 08/2014 which brought them current with a $0 balance, according to Plaintiff's Equifax credit disclosure. Plaintiff's debt obligation on AES accounts # 7PA0**** and #7PAO**** ceased to exist on or before 08/2014. Despite the debt related to AES accounts # 7PA0**** and #7PAO**** being fully eliminated on or before 08/2014, AES continued to report an erroneous pay status of Over 120 Days Past Due as of 11/12/2018.

13.     Plaintiff's debt on Navient accounts #1ER0****, #1ER0****, #1ER0****, and #1ER0**** arose from student loans. The debt from these accounts was eliminated on or about 04/2017 which brought them current with a $0 balance, according to Plaintiff's Equifax credit disclosure. Plaintiff's debt obligation on Navient accounts # 1ER0****, # 1ER0****, # 1ER0****, #1ER0****, #1ER0**** and #1ER0**** ceased to exist on or before 04/2017. Despite the debt related to Navient accounts #1ER0****, # 1ER0****, #1ER0****, #1ER0****, #1ER0****, and #1ER0**** being fully eliminated on or before 04/2017, Navient continued to report an erroneous pay status of Over 120 Days Past Due as of 11/12/2018.

14.     Plaintiff's debt on Navient accounts #1ER0**** and #1ER0**** arose from student loans. The debt from these accounts was eliminated on or about 03/2017 which brought them current with a $0 balance, according to Plaintiff's Equifax credit disclosure. Plaintiff's debt obligation on Navient accounts # 1ER0**** and #1ER0**** ceased to exist on or before 03/2017. Despite the debt related to Navient accounts #1ER0 and #1ER0**** being fully eliminated on or before 03/2017, Navient continued to report an erroneous pay status of Over 120 Days Past Due as of 11/12/2018.

15.     Plaintiff's debt on Fedloan accounts #8FD0****, #8FD0****, #8FD0****, #8FD0****, #8FD0****, and #8FD0**** arose from student loans. The debt from these accounts was eliminated on or about 03/2015 which brought them current with a $0 balance, according to Plaintiff's Equifax credit disclosure. Plaintiff's debt obligation on Fedloan accounts #8FD0****, #8FD0****, #8FD0****, #8FD0****, #8FD0****, and #8FD0**** ceased to exist on or before 03/2015. Despite the debt related to Navient accounts #8FD0****, #8FD0****, #8FD0****, #8FD0****, #8FD0****, and #8FD0**** being fully eliminated on or before 03/2015, Fedloan continued to report an erroneous pay status of Over 120 Days Past Due as of 11/12/2018.

16.      TransUnion's report dated 11/11/2018 reported Plaintiff's AES accounts with a current "Pay Status: Over 120 Days Past Due Date" even though Plaintiff's debt on these accounts ceased to exist on or before 08/05/2014.

17.     TransUnion's report dated 11/11/2018 reported Plaintiff's Navient accounts with a current "Pay Status: Over 120 Days Past Due Date" even though Plaintiff's debt on these accounts ceased to exist on or before 04/07/2017.

18.     TransUnion's report dated 11/11/2018 reported Plaintiff's Navient accounts with a current "Pay Status: Over 120 Days Past Due Date" even though Plaintiff's debt on these accounts ceased to exist on or before 03/31/2017.

19.     TransUnion's report dated 11/11/2018 reported Plaintiff's Fedloan accounts with a current "Pay Status: Over 120 Days Past Due Date" even though Plaintiff's debt on these accounts ceased to exist on or before 03/09/2015.

20.     Equifax's report dated 11/12/2018 reported Plaintiff's AES accounts with a current "Pay Status: Over 120 Days Past Due" even though Plaintiff's debt on these accounts ceased to exist on or before 08/2014.

21.     Equifax's report dated 11/12/2018 reported Plaintiff's Navient accounts with a current "Pay Status: Over 120 Days Past Due" even though Plaintiff's debt on these accounts ceased to exist on or before 04/2017.

22.     Equifax's report dated 11/12/2018 reported Plaintiff's Navient accounts with a current "Pay Status: Over 120 Days Past Due" even though Plaintiff's debt on these accounts ceased to exist on or before 03/2017.

23.     Equifax's report dated 11/12/2018 reported Plaintiff's Fedloan accounts with a current "Pay Status: Over 120 Days Past Due" even though Plaintiff's debt on these accounts ceased to exist on or before 03/2015.

24.     Although Plaintiff's accounts had a zero balance, Plaintiff's Trans Union report dated 11/11/2018 reported the "Pay Status: Account 120 Days Past Due Date". It is impossible and incorrect for accounts that are closed with a "0" balance to still be reporting as late as of 11/11/2018. Not only are the AES, Navient and Fedloan accounts false on the face of the credit report but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on these accounts that were previously brought to a zero balance.

25.     Although Plaintiff's accounts had a zero balance, Plaintiff's Equifax report dated 11/12/2018 reported the "Pay Status: Over 120 Days Past Due". It is impossible and incorrect for accounts that are closed with a "0" balance to still be reporting as late as of 11/12/2018. Not only are the AES, Navient and Fedloan accounts false on the face of the credit report but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on these accounts that were previously brought to a zero balance.

26.     As required by the Fair Credit Reporting Act, Plaintiff mailed a detailed and thorough dispute letter to Trans Union disputing the erroneous current pay status of Account 120 Days Past

Due Date that AES, Navient and Fedloan were reporting to Trans Union. Based on information and belief, Trans Union sent an ACDV to AES, Navient and Fedloan to alert them of Plaintiff's dispute and give them the opportunity to investigate Plaintiff's dispute and correct or delete any incorrect data they were reporting to Trans Union. Instead of correcting the erroneous historical pay status they were reporting to Trans Union on AES accounts # 7PA0**** and #7PA0****, Navient accounts #1ER0****, #1ER0****, #1ER0****, #1ER0****, #1ER0****, and #1ER0****, and Fedloan accounts #8FD0****, #8FD0****, #8FD0****, #8FD0****, #8FD0**** and #8FD0****, AES, Navient and Fedloan verified the inaccurate pay status to Trans Union and continued to report a historical pay status to Trans Union instead of a current pay status on Plaintiff's accounts with AES, Navient and Fedloan. As a result of Plaintiff's dispute, AES, Navient and Fedloan verified the current pay status of the accounts as accurate and instructed Trans Union to continue to report an inaccurate pay status of "Pay Status: Account 120 Days Past Due Date".  As a result of AES, Navient, and Fedloan's unreasonable and lacking investigation, Trans Union continued to report the inaccurate pay status on Plaintiff's Trans Union Credit Report at the instructions of AES, Navient and Fedloan. Plaintiff's latest Trans Union credit report dated 11/11/2018 is currently reporting the same inaccurate pay status on the AES, Navient and Fedloan accounts.

27.     As required by the Fair Credit Reporting Act, Plaintiff mailed a detailed and thorough dispute letter to Equifax disputing the erroneous current pay status of Over 120 Days Past Due that AES, Navient and Fedloan were reporting to Equifax. Based on information and belief, Equifax sent an ACDV to AES, Navient and Fedloan to alert them of Plaintiff's dispute and give them the opportunity to investigate Plaintiff's dispute and correct or delete any incorrect data they were reporting to Equifax. Instead of correcting the erroneous historical pay status they were reporting

to Equifax on AES accounts #7PA0**** and #7PA0****, Navient accounts #1ER0****, #1ER0****, #1ER0****, #1ER0****, #1ER0****, and #1ER0****, and Fedloan accounts #8FD0****, #8FD0****, #8FD0****, #8FD0****, #8FD0**** and #8FD0****, AES, Navient and Fedloan verified the inaccurate pay status to Equifax and continued to report a historical pay status to Equifax instead of a current pay status on Plaintiff's accounts with AES, Navient and Fedloan.  As a result of Plaintiff's dispute, AES, Navient and Fedloan verified the current pay status of the accounts as accurate and instructed Equifax to continue to report an inaccurate pay status of "Pay Status: Over 120 Days Past Due". As a result of AES, Navient and Fedloan's unreasonable and lacking investigation, Equifax continued to report the inaccurate pay status on Plaintiff's Equifax Credit Report at the instructions of AES, Navient and Fedoan. Plaintiff's latest Equifax credit report dated 11/12/2018 is currently reporting the same inaccurate pay status on the AES, Navient and Fedloan accounts.

28.     Based on information and belief, Trans Union and Equifax have abandoned and been derelict in its duties under the Fair Credit Reporting Act and has not conducted its own independent investigation into Plaintiff's dispute of the AES, Navient and Fedloan accounts.

29.     Trans Union and Equifax did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information even after it knew or should have known the information was incorrect.

30.     AES, Navient and Fedloan did not provide a good faith and reasonable investigation into the disputed current pay status on the accounts they report to Trans Union and Equifax on Plaintiff. AES, Navient and Fedloan's investigation was unreasonable and lacking because it failed to lead AES, Navient and Fedloan to correct the inaccurate pay status they were reporting to Trans Union and Equifax on Plaintiff. A reasonable investigation would have discovered they should be

reporting the accounts to Trans Union as "was previously Account 120 Days Past Due Date" or "Current, was previously Account 120 Days Past Due Date" and a reasonable investigation would have discovered they should be reporting the accounts to Equifax as "was Over 120 Days Past Due previously " or "Current, was previously Over 120 Days Past Due".  If the accounts had been reported in either of these methods, it would have no longer been reviewed as a current past due obligation and would have had much less of an impact on Plaintiff's credit profile after two years from the date the accounts balances were eliminated. Instead the AES, Navient and Fedloan accounts are being reported as a current past due obligation monthly.

31.     Trans Union did not provide a good faith investigation into the disputed pay status of the AES, Navient and Fedloan accounts. Based on information and belief, Trans Union did nothing more than parrot data from AES, Navient and Fedloan in their investigation.

32.     Equifax did not provide a good faith investigation into the disputed pay status of the AES, Navient, and Fedloan accounts. Based on information and belief, Trans Union did nothing more than parrot data from AES, Navient and Fedloan in their investigation.

33.     The AES, Navient and Fedloan accounts are not only inaccurate, but also misleading, which the Third Circuit has addressed. The Third Circuit has agreed with other circuits that even if information in a report is technically correct, it may still be inaccurate if, through omission, it "create[s] a materially misleading impression." *Seamans v. Temple University*, 744 F.3d 853, 865 (3rd Cir. 2014) (quoting *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 148 (4th Cir. 2008). Further, the court in *Seamans* agreed that whether technically accurate information was "'misleading in such a way and to such an extent that [it] can be expected to have an adverse effect'" is generally a question to be submitted to the jury. 744 F.3d at 865 (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)). *See also Hillis v. Trans Union,*

*LLC*, 969 F.Supp.2d 419, 421 (E.D. P.A. Sept 18, 2013) (agreeing that "inaccurate" information, in the FCRA context, refers to information that either is factually incorrect or creates a misleading impression).

34.     Trans Union has a statutory duty to have reasonable procedures to assure maximum accuracy. Their procedures regarding the reporting of current pay statuses are not assuring accuracy, much less maximum accuracy. Trans Union's lacking policies and procedures are continuing to allow data furnishers such as AES, Navient and Fedloan, to report historical pay statuses where a current pay status is needed.

35.     Equifax has a statutory duty to have reasonable procedures to assure maximum accuracy. Their procedures regarding the reporting of current pay statuses are not assuring accuracy, much less maximum accuracy. Trans Union's lacking policies and procedures are continuing to allow data furnishers such as AES, Navient and Fedloan, to report historical pay statuses where a current pay status is needed.

36.     The reporting of this inaccurate payment status on Plaintiff's credit report negatively reflects upon the Plaintiff, their credit repayment history, their financial responsibility as a debtor and their credit worthiness. The inaccurate pay status was furnished by AES, Navient and Fedloan and reported by Trans Union and Equifax, misrepresenting the payment rating and/or status of Plaintiff's accounts, and is currently being reported and reflected upon Plaintiff's most recent credit report, resulting in lowering Plaintiff's credit score and furthering and increasing Plaintiff's damages.

37.     Plaintiff's credit reports, credit information and file formulated by Trans Union and Equifax have been viewed by current and potential credit grantors and extenders of credit, as indicated by inquiries on each of their credit reports. The inaccurate information furnished by AES

and reported by Trans Union and Equifax is continuing to damage the Plaintiff's credit rating as well as their credit reputation.

38.     As a result of Defendants, Trans Union, Equifax's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, all to Plaintiff's great detriment and loss.

39.     As a result of Defendants conduct, Plaintiff has suffered actual damages all to Plaintiff's great detriment and loss.

40.     At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

41.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

42.     Plaintiff incorporates by reference the foregoing paragraphs and footnotes as though the same were set forth at length herein.

43.     This suit is based upon the Defendants violations of the Fair Credit Reporting Act. All causes of action were the producing causes of damages which Plaintiff has suffered.

## COUNT I—VIOLATION OF THE FAIR REPORTING ACT

44.     Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

45.     This suit is brought against the Defendants as the damages made the basis of this suit were caused by their violations of the FCRA. In all instances of violating the FCRA, Defendant

did so willfully and/or negligently. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled

to recover actual damages, punitive damages, and reasonable attorneys' fees.

15 U.S.C. §1681n, "Civil Liability for willful noncompliance" reads:

> (a) Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
> (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000
> (2) such amount of punitive damages as the court may allow; and
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys fees as determined by the court.

And 15 U.S.C. §1681o, "Civil Liability for negligent noncompliance" reads:

> (a) Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:
>
> (1) any actual damages sustained by the consumer as a result of the failure; and
> (2) in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

### *TransUnion's FCRA Violations*

46.     Trans Union violated their duty under 15 U.S.C. §1681i(a)(1)(A) to conduct a good

faith investigation into Plaintiff's notice of dispute. Plaintiff requested Trans Union to reinvestigate

the inaccurate reporting of the current pay status on their AES, Navient and Fedloan accounts via

detailed and thorough dispute letter specifically disputing the inaccurate current "Pay Status:

Account 120 Days Past Due Date".

47.     The dispute was detailed, thorough and informed Trans Union of all the relevant

information regarding the inaccuracies of the accounts and provided enough information to show

the accounts were being reported inaccurately. A portion of the dispute letter is reproduced below.

13

Mathew Deleskiewicz



DOB:
SSN:            5250

Attn TransUnion Dispute Department:

I am sending you this dispute letter on behalf of my client listed above. The following account(s) has a balance of $0 with a late status. This is simply incorrect. If my client owes them no money and has no payments that are behind, then it is impossible for their current status to be listed as late. Please see below:

| Data Furnisher | Account Number | Status | Balance |
|---|---|---|---|
| AES | 7PA0**** | 120 Days Past Due | $0 |

| Data Furnisher | Account Number | Status | Balance |
|---|---|---|---|
| AES | 7PA0**** | 120 Days Past Due | $0 |

| Data Furnisher | Account Number | Status | Balance |
|---|---|---|---|
| DEPT OF ED/NAVIENT | 1ER0**** | 120 Days Past Due | $0 |

| Data Furnisher | Account Number | Status | Balance |
|---|---|---|---|
| DEPT OF ED/NAVIENT | 1ER0**** | 120 Days Past Due | $0 |

| Data Furnisher | Account Number | Status | Balance |
|---|---|---|---|
| DEPT OF ED/NAVIENT | 1ER0**** | 120 Days Past Due | $0 |

| Data Furnisher | Account Number | Status | Balance |
|---|---|---|---|
| DEPT OF ED/NAVIENT | 1ER0**** | 120 Days Past Due | $0 |

| Data Furnisher | Account Number | Status | Balance |
|---|---|---|---|
| DEPT OF ED/NAVIENT | 1ER0**** | 120 Days Past Due | $0 |

| Data Furnisher | Account Number | Status | Balance |
|---|---|---|---|
| DEPT OF ED/NAVIENT | 1ER0**** | 120 Days Past Due | $0 |

3000 CUSTER ROAD, SUITE 270 # 1501 | PLANO, TX 75075

National Toll Free: (877) 994-3289;  Baton Rouge: (225) 412-2777; Dallas: (214) 296-9240;  Miami: (305) 507-9200;  Atlanta: (678) 935-7424;  Philadelphia: (610) 968-1133 Tyler: (214) 296-9240

| Data Furnisher | Account Number | Status | Balance |
|---|---|---|---|
| FEDLOAN SERVICING | 8FD0**** | 120 Days Past Due | $0 |

| Data Furnisher | Account Number | Status | Balance |
|---|---|---|---|
| FEDLOAN SERVICING | 8FD0**** | 120 Days Past Due | $0 |

| Data Furnisher | Account Number | Status | Balance |
|---|---|---|---|
| FEDLOAN SERVICING | 8FD0**** | 120 Days Past Due | $0 |

| Data Furnisher | Account Number | Status | Balance |
|---|---|---|---|
| FEDLOAN SERVICING | 8FD0**** | 120 Days Past Due | $0 |

| Data Furnisher | Account Number | Status | Balance |
|---|---|---|---|
| FEDLOAN SERVICING | 8FD0**** | 120 Days Past Due | $0 |

| Data Furnisher | Account Number | Status | Balance |
|---|---|---|---|
| FEDLOAN SERVICING | 8FD0**** | 120 Days Past Due | $0 |

If this incorrect information is not removed or corrected from my client's credit report further action might be instituted under 15 U.S.C. § 1681. If necessary or required, we will obtain local and licensed counsel to aid in this matter. The data furnisher that we are disputing above has a lengthy history of FCRA violations, which that can be proven by viewing PACER. Please let this serve notice that the information that they have in the past, as well as the current credit data that they are providing you is inaccurate and cannot be trusted. Please respond to this dispute by sending your investigation results to my law firm, McCarty & Raburn Law Firm, A Consumer Law Firm PLLC, 3000 Custer Road, Suite 270 #1501, Plano, TX 75075.

Sincerely,

Jonathan Raburn

48.     Trans Union did not conduct a good faith and reasonable investigation into Plaintiff's dispute. If they had, they would have discovered that AES, Navient and Fedloan were reporting an incorrect historical pay status to them instead of an accurate current pay status. All the information Trans Union needed to determine this was in its own records and files. Based on information and belief, Trans Union forsook its duties under the Fair Credit Reporting Act and has not conducted its own independent investigation into Plaintiff's dispute of the AES, Naveint and Fedloan accounts. Trans Union simply parroted data from an ACDV sent to it by AES, Navient

and Fedloan. Based on information and belief, Trans Union did not place one call or send one email investigating Plaintiff's dispute of the AES, Navient and Fedloan accounts. Trans Union simply regurgitated data from the ACDV.

49.     The disputed accounts have a current pay status that is "Pay Status: Account 120 Days Past Due Date" even though Trans Union is currently reporting Plaintiff's accounts with a "$0" balance. It is impossible for Plaintiff to make "$0" payments to bring the accounts current. With this type of reporting, Plaintiff will never be able to bring the accounts current. A reproduction of the inaccurate reporting is seen below.

AES #_____7PA0**** ( POB 61047, HARRISBURG, PA 17106, (800) 233-0557 )
We investigated the information you disputed and updated: **Date Updated; Last Payment Made; Terms; Date Closed; Remarks; Rating; Payment Received**. Here is how this item appears on your credit report following our investigation.

| Date Opened: | 04/10/2008 | Balance: | $0 | Pay Status: | >Account 120 Days Past Due Date< |
| Responsibility: | Individual Account | Date Updated: | 08/15/2014 | | |
| Account Type: | Installment Account | Last Payment Made: | 08/21/2013 | Terms: | Monthly for 120 months |
| Loan Type: | STUDENT LOAN | High Balance: | $1,750 | Date Closed: | 08/15/2014 |
| | | | | | >Maximum Delinquency of 120 days in 01/2014 and in 08/2014< |

Remarks: DISP INVG COMP-CONSUM DISAGRS; STUDENT LOAN PERM ASSIGN GOVT; TRANSFERRED TO ANOTHER OFFICE
Estimated month and year that this item will be removed: 08/2020

| | 07/2014 | 06/2014 | 05/2014 | 04/2014 | 03/2014 | 02/2014 | 01/2014 | 12/2013 | 11/2013 | 10/2013 | 09/2013 | 08/2013 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 90 | 60 | OK | OK | OK |

| | 07/2013 | 06/2013 | 05/2013 | 04/2013 | 03/2013 | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 60 | OK | OK | OK | OK | OK | X | X | X | X | X | X |

| | 07/2012 | 06/2012 | 05/2012 | 04/2012 | 03/2012 | 02/2012 | 01/2012 | 12/2011 | 11/2011 |
|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | X | X | X | X | X | X |

AES #_____7PA0**** ( POB 61047, HARRISBURG, PA 17106, (800) 233-0557 )
We investigated the information you disputed and updated: **Date Updated; Last Payment Made; Terms; Date Closed; Remarks; Rating; Payment Received**. Here is how this item appears on your credit report following our investigation.

| Date Opened: | 04/10/2008 | Balance: | $0 | Pay Status: | >Account 120 Days Past Due Date< |
| Responsibility: | Individual Account | Date Updated: | 08/15/2014 | | |
| Account Type: | Installment Account | Last Payment Made: | 08/21/2013 | Terms: | Monthly for 120 months |
| Loan Type: | STUDENT LOAN | High Balance: | $2,000 | Date Closed: | 08/15/2014 |
| | | | | | >Maximum Delinquency of 120 days in 01/2014 and in 08/2014< |

Remarks: DISP INVG COMP-CONSUM DISAGRS; STUDENT LOAN PERM ASSIGN GOVT; TRANSFERRED TO ANOTHER OFFICE
Estimated month and year that this item will be removed: 08/2020

| | 07/2014 | 06/2014 | 05/2014 | 04/2014 | 03/2014 | 02/2014 | 01/2014 | 12/2013 | 11/2013 | 10/2013 | 09/2013 | 08/2013 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 90 | 60 | OK | OK | OK |

| | 07/2013 | 06/2013 | 05/2013 | 04/2013 | 03/2013 | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 60 | OK | OK | OK | OK | OK | X | X | X | X | X | X |

| | 07/2012 | 06/2012 | 05/2012 | 04/2012 | 03/2012 | 02/2012 | 01/2012 | 12/2011 | 11/2011 |
|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | X | X | X | X | X | X |

DEPT OF ED/NAVIENT #_____1ER0**** ( 123 JUSTISON STREET, 3RD FLOOR, WILMINGTON, DE 19801, (888) 272-5543 )
We investigated the information you disputed and updated: **Original Charge-Off**. Here is how this item appears on your credit report following our investigation.

| Date Opened: | 10/04/2010 | Balance: | $0 | Pay Status: | >Account 120 Days Past Due Date< |
| Responsibility: | Individual Account | Date Updated: | 04/07/2017 | | |
| Account Type: | Installment Account | High Balance: | $4,500 | Terms: | Monthly for 120 months |
| Loan Type: | STUDENT LOAN | Original Charge-off: | $0 | Date Closed: | 04/07/2017 |
| | | | | | >Maximum Delinquency of 120 days in 07/2016 and in 04/2017< |

Remarks: ACCT CLOSED DUE TO TRANSFER; TRANSFERRED TO ANOTHER OFFICE
Estimated month and year that this item will be removed: 03/2023

| | 03/2017 | 02/2017 | 01/2017 | 12/2016 | 11/2016 | 10/2016 | 09/2016 | 08/2016 | 07/2016 | 06/2016 | 05/2016 | 04/2016 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 90 | OK | OK |

| | 03/2016 |
|---|---|
| Rating | OK |

**DEPT OF ED/NAVIENT #** **1ER0****** ( 123 JUSTISON STREET, 3RD FLOOR, WILMINGTON, DE 19801, (888) 272-5543 )
We investigated the information you disputed and updated: **Original Charge-Off**. Here is how this item appears on your credit report following our investigation.

| Date Opened: | 10/03/2011 | Balance: | $0 | Pay Status: | >Account 120 Days Past Due Date< |
| Responsibility: | Individual Account | Date Updated: | 04/07/2017 | | |
| Account Type: | Installment Account | High Balance: | $315 | Terms: | Monthly for 120 months |
| Loan Type: | STUDENT LOAN | Original Charge-off: | $0 | Date Closed: | 04/07/2017 |
| | | | | | >Maximum Delinquency of 120 days in 07/2016 and in 04/2017< |

Remarks: ACCT CLOSED DUE TO TRANSFER; TRANSFERRED TO ANOTHER OFFICE
Estimated month and year that this item will be removed: 03/2023

| | 03/2017 | 02/2017 | 01/2017 | 12/2016 | 11/2016 | 10/2016 | 09/2016 | 08/2016 | 07/2016 | 06/2016 | 05/2016 | 04/2016 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 90 | OK | OK |

| | 03/2016 |
|---|---|
| Rating | OK |

**DEPT OF ED/NAVIENT #** **1ER0****** ( 123 JUSTISON STREET, 3RD FLOOR, WILMINGTON, DE 19801, (888) 272-5543 )
We investigated the information you disputed and updated: **Original Charge-Off**. Here is how this item appears on your credit report following our investigation.

| Date Opened: | 07/25/2012 | Balance: | $0 | Pay Status: | >Account 120 Days Past Due Date< |
| Responsibility: | Individual Account | Date Updated: | 03/31/2017 | | |
| Account Type: | Installment Account | High Balance: | $2,815 | Terms: | Monthly for 120 months |
| Loan Type: | STUDENT LOAN | Original Charge-off: | $0 | Date Closed: | 03/31/2017 |
| | | | | | >Maximum Delinquency of 120 days in 07/2016 and in 03/2017< |

Remarks: ACCT CLOSED DUE TO TRANSFER; TRANSFERRED TO ANOTHER OFFICE
Estimated month and year that this item will be removed: 03/2023

| | 02/2917 | 01/2017 | 12/2016 | 11/2016 | 10/2016 | 09/2016 | 08/2016 | 07/2016 | 06/2016 | 05/2016 | 04/2016 | 03/2016 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 90 | OK | OK | OK |

**DEPT OF ED/NAVIENT #** **1ER0****** ( 123 JUSTISON STREET, 3RD FLOOR, WILMINGTON, DE 19801, (888) 272-5543 )
We investigated the information you disputed and updated: **Original Charge-Off**. Here is how this item appears on your credit report following our investigation.

| Date Opened: | 10/04/2010 | Balance: | $0 | Pay Status: | >Account 120 Days Past Due Date< |
| Responsibility: | Individual Account | Date Updated: | 04/07/2017 | | |
| Account Type: | Installment Account | High Balance: | $6,000 | Terms: | Monthly for 120 months |
| Loan Type: | STUDENT LOAN | Original Charge-off: | $0 | Date Closed: | 04/07/2017 |
| | | | | | >Maximum Delinquency of 120 days in 07/2016 and in 04/2017< |

Remarks: ACCT CLOSED DUE TO TRANSFER; TRANSFERRED TO ANOTHER OFFICE
Estimated month and year that this item will be removed: 03/2023

| | 03/2017 | 02/2017 | 01/2017 | 12/2016 | 11/2016 | 10/2016 | 09/2016 | 08/2016 | 07/2016 | 06/2016 | 05/2016 | 04/2016 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 90 | OK | OK |

| | 03/2016 |
|---|---|
| Rating | OK |

**DEPT OF ED/NAVIENT #** **1ER0****** ( 123 JUSTISON STREET, 3RD FLOOR, WILMINGTON, DE 19801, (888) 272-5543 )
We investigated the information you disputed and updated: **Original Charge-Off**. Here is how this item appears on your credit report following our investigation.

| Date Opened: | 07/25/2012 | Balance: | $0 | Pay Status: | >Account 120 Days Past Due Date< |
| Responsibility: | Individual Account | Date Updated: | 03/31/2017 | | |
| Account Type: | Installment Account | High Balance: | $959 | Terms: | Monthly for 120 months |
| Loan Type: | STUDENT LOAN | Original Charge-off: | $0 | Date Closed: | 03/31/2017 |
| | | | | | >Maximum Delinquency of 120 days in 07/2016 for $45 and in 03/2017< |

Remarks: ACCT CLOSED DUE TO TRANSFER; TRANSFERRED TO ANOTHER OFFICE
Estimated month and year that this item will be removed: 03/2023

| | 02/2617 | 01/2017 | 12/2016 | 11/2016 | 10/2016 | 09/2016 | 08/2016 | 07/2016 | 06/2016 | 05/2016 | 04/2016 | 03/2016 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 90 | OK | OK | OK |

**DEPT OF ED/NAVIENT** # ████████ERO**** ( 123 JUSTISON STREET, 3RD FLOOR, WILMINGTON, DE 19801, (888) 272-5543 )
We investigated the information you disputed and updated: **Original Charge-Off.** Here is how this item appears on your credit report following our investigation.

| | |
|---|---|
| Date Opened: | 10/03/2011 |
| Responsibility: | Individual Account |
| Account Type: | Installment Account |
| Loan Type: | STUDENT LOAN |

| | |
|---|---|
| Balance: | $0 |
| Date Updated: | 04/07/2017 |
| High Balance: | $6,411 |
| Original Charge-off: | $0 |

| | |
|---|---|
| Pay Status: | >Account 120 Days Past Due Date< |
| Terms: | Monthly for 120 months |
| Date Closed: | 04/07/2017 |
| | >Maximum Delinquency of 120 days in 07/2016 and in 04/2017< |

Remarks: ACCT CLOSED DUE TO TRANSFER; TRANSFERRED TO ANOTHER OFFICE
Estimated month and year that this item will be removed: 03/2023

| | 03/2017 | 02/2017 | 01/2017 | 12/2016 | 11/2016 | 10/2016 | 09/2016 | 08/2016 | 07/2016 | 06/2016 | 05/2016 | 04/2016 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 90 | OK | OK |

| | 03/2016 |
|---|---|
| Rating | OK |

---

**FEDLOAN SERVICING** # ████████BFD0**** ( POB 60610, HARRISBURG, PA 17106, (800) 699-2908 )
We investigated the information you disputed and updated: **Date Updated; Terms; Date Closed; Remarks; Rating.** Here is how this item appears on your credit report following our investigation.

| | |
|---|---|
| Date Opened: | 10/03/2011 |
| Responsibility: | Individual Account |
| Account Type: | Installment Account |
| Loan Type: | STUDENT LOAN |

| | |
|---|---|
| Balance: | $0 |
| Date Updated: | 03/05/2015 |
| High Balance: | $315 |

| | |
|---|---|
| Pay Status: | >Account 120 Days Past Due Date< |
| Terms: | Monthly for 120 months |
| Date Closed: | 03/05/2015 |
| | >Maximum Delinquency of 120 days in 08/2013 and in 03/2015< |

Remarks: DISP INVG COMP-CONSUM DISAGRS; ACCT CLOSED DUE TO TRANSFER; TRANSFERRED TO ANOTHER OFFICE
Estimated month and year that this item will be removed: 02/2021

| | 02/2015 | 01/2015 | 12/2014 | 11/2014 | 10/2014 | 09/2014 | 08/2014 | 07/2014 | 06/2014 | 05/2014 | 04/2014 | 03/2014 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 90 | 60 | OK | OK |

| | 02/2014 | 01/2014 | 12/2013 | 11/2013 | 10/2013 | 09/2013 | 08/2013 | 07/2013 | 06/2013 | 05/2013 | 04/2013 | 03/2013 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | 120 | 120 | 120 | 120 | 120 | 90 | 60 | OK | OK | X |

| | 02/2013 |
|---|---|
| Rating | X |

---

**FEDLOAN SERVICING** # ████████BFD0**** ( POB 60610, HARRISBURG, PA 17106, (800) 699-2908 )
We investigated the information you disputed and updated: **Date Updated; Terms; Date Closed; Remarks; Rating.** Here is how this item appears on your credit report following our investigation.

| | |
|---|---|
| Date Opened: | 07/25/2012 |
| Responsibility: | Individual Account |
| Account Type: | Installment Account |
| Loan Type: | STUDENT LOAN |

| | |
|---|---|
| Balance: | $0 |
| Date Updated: | 03/09/2015 |
| High Balance: | $2,815 |

| | |
|---|---|
| Pay Status: | >Account 120 Days Past Due Date< |
| Terms: | Monthly for 120 months |
| Date Closed: | 03/09/2015 |
| | >Maximum Delinquency of 120 days in 08/2013 and in 03/2015< |

Remarks: DISP INVG COMP-CONSUM DISAGRS; ACCT CLOSED DUE TO TRANSFER; TRANSFERRED TO ANOTHER OFFICE
Estimated month and year that this item will be removed: 02/2021

| | 02/2015 | 01/2015 | 12/2014 | 11/2014 | 10/2014 | 09/2014 | 08/2014 | 07/2014 | 06/2014 | 05/2014 | 04/2014 | 03/2014 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 90 | 60 | OK | OK |

| | 02/2014 | 01/2014 | 12/2013 | 11/2013 | 10/2013 | 09/2013 | 08/2013 | 07/2013 | 06/2013 | 05/2013 | 04/2013 | 03/2013 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | 120 | 120 | 120 | 120 | 120 | 90 | 60 | OK | OK | X |

| | 02/2013 |
|---|---|
| Rating | X |

---

**FEDLOAN SERVICING** # ████████BFD0**** ( POB 60610, HARRISBURG, PA 17106, (800) 699-2908 )
We investigated the information you disputed and updated: **Date Updated; Terms; Date Closed; Remarks;**
**Rating.** Here is how this item appears on your credit report following our investigation.

| | |
|---|---|
| Date Opened: | 07/25/2012 |
| Responsibility: | Individual Account |
| Account Type: | Installment Account |
| Loan Type: | STUDENT LOAN |

| | |
|---|---|
| Balance: | $0 |
| Date Updated: | 03/09/2015 |
| High Balance: | $959 |

| | |
|---|---|
| Pay Status: | >Account 120 Days Past Due Date< |
| Terms: | Monthly for 120 months |
| Date Closed: | 03/09/2015 |
| | >Maximum Delinquency of 120 days in 08/2013 and in 03/2015< |

Remarks: DISP INVG COMP-CONSUM DISAGRS; ACCT CLOSED DUE TO TRANSFER; TRANSFERRED TO ANOTHER OFFICE
Estimated month and year that this item will be removed: 02/2021



50.     Trans Union was notified and made aware of the specific issues from the dispute letter. It should have been easy for Trans Union to determine that the accounts were extremely inaccurate with the information that was provided.

51.     Trans Union is allowing the data furnishers, AES, Navient and Fedloan, to report historical data within a data field for the *current status* of the accounts. When a *current status* code is used to report historical data, the credit scoring algorithm's treat the historical data as *current data*. The effect is obvious. The erroneous status decreases the consumer's credit worthiness by implying that the consumer is currently late on an existing obligation. In other words, if AES, Navient and Fedloan would have reported Plaintiff's AES, Navient and Fedloan accounts as previously late on their loans—an accurate reporting, Plaintiff would not be here today.

52.     The fact that Trans Union is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports to the best of Plaintiff's information and belief, which are viewable and have been viewed by third parties, is proof that Trans Union did not conduct a reasonable investigation. If Trans Union would have thoroughly investigated the issues, they would have determined that the accounts were paid off, with a "$0" balance and still reporting as if Plaintiff is currently late and past due. If Trans Union had conducted a reasonable and good faith investigation they would have corrected or deleted the Plaintiff's accounts that are inaccurate and misleading.

The section entitled "Procedure in case of disputed accuracy" under 15 U.S.C. §1681i(a)(1)(a) reads:

(a)  Reinvestigations in case disputed information

(1) Reinvestigation required

(A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And:

15  U.S.C. §1681i(a)(5) reads:

(5) Treatment of Inaccurate or Unverifiable Information

(A)*In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

(i)     promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(ii)  promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

53.     Trans Union is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. If Trans Union was complying with 15 U.S.C. §1681e(b), it would place a filter or formula in its reporting system that would suppress or block accounts with a zero balance from being reported with a current status of past due or late.

54.     Plaintiff's debts on the AES, Navient and Fedloan accounts were fully eliminated, but Trans Union continued to report the accounts with a late/past due status. If Trans Union had reasonable procedures, they would not allow accounts to report as though the accounts are currently past due, with a "$0" balance. This simply makes no logical sense. Trans Union should be reporting the accounts as "current" or was "previously past due" and not "past due."  These accounts are reporting as though the Plaintiff is currently past due each month. With this type of reporting, Plaintiff will never be able to make their accounts current. Trans Union lacks the procedures to avoid such faulty reporting. Trans Union knows that these accounts were paid, however, they continue to report a current status as past due.

15 U.S.C. §1681e(b) reads as follows:

(a)  Accuracy of the Report

Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom the report relates.

55.  Trans Union has been on notice that reporting an account with a $0 balance and a late status is not accurate. Trans Union was a co-defendant in *Macik v. JPMorgan Chase Bank, N. A., et al.*: U.S. District Court for the Southern District of Texas, Galveston Division (Case 3:14-cv-

44). Plaintiff's Counsel filed suit against Transunion, Equifax and JPMorgan Chase bank in Galveston, Texas, alleging that they were reporting her pay status as 90 days past due, with a zero ($) balance, even though the account was paid off five years earlier. Macik lost a home loan because the program that is used in determining eligibility specifically stated that her Chase account was late two or more times in the last twelve months, even though the loan it was referring to was paid in full five (5) years earlier.

56.     The Macik jury determined that reporting an account with a $0 balance, and a current late pay status, is not only inaccurate, but a willful violation of the FCRA. Trans Union knows this because they were a co-defendant and had counsel present when the jury verdict was rendered as well as receiving an ECF copy of the ruling.  Even though this verdict was from an outside circuit, Plaintiff cites it simply to show that this inaccurate reporting is an issue that not only should be determined by a jury, but that, in fact, a jury has already returned a verdict on the issue deeming this type of reporting as inaccurate and a willful violation of the FCRA.

### *Third Parties have viewed Plaintiff's Trans Union Credit Report*

57.     The negative tradeline(s) reported by AES, Navient and Fedloan on Plaintiff's Trans Union Credit report have been viewed by third parties all to the detriment and loss of the Plaintiff.

58.     Plaintiff has suffered actual harm due to Trans Union still reporting the negative tradeline provided by AES, Navient and Fedloan on Plaintiff's Trans Union report even though Trans Union was put on notice of the inaccurate negative reporting through Plaintiff's dispute letter.

59.     The conduct of the Defendant was the direct and proximate cause, as well as, a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of

actual, statutory, compensatory and punitive damages, as well as, such other relief, permitted by law.

### *Equifax's FCRA Violations*

60.     Equifax violated their duty under 15 U.S.C. §1681i(a)(1)(A) to conduct a good faith investigation into Plaintiff's notice of dispute. Plaintiff requested Equifax to reinvestigate the inaccurate reporting of the current pay status on their AES, Navient and Fedloan accounts via detailed and thorough dispute letter specifically disputing the inaccurate current "Pay Status: Over 120 Days Past Due".

61.     The dispute was detailed, thorough and informed Equifax of all the relevant information regarding the inaccuracies of the accounts and provided enough information to show the accounts were being reported inaccurately. A portion of the dispute letter is reproduced below.

Mathew Deleskiewicz



DOB:
SSN: ▮▮▮5250

Attn Equifax Dispute Department:

     I am sending you this dispute letter on behalf of my client listed above. The following account(s) has a balance of $0 with a late status. This is simply incorrect. If my client owes them no money and has no payments that are behind, then it is impossible for their current status to be listed as late. Please see below:

| Data Furnisher | Account Number | Status | Balance |
|---|---|---|---|
| AES | ▮▮▮7PA0**** | Over 120 Days Past Due | $0 |
| **Data Furnisher** | **Account Number** | **Status** | **Balance** |
| AES | ▮▮▮7PA0**** | Over 120 Days Past Due | $0 |
| **Data Furnisher** | **Account Number** | **Status** | **Balance** |
| DEPT OF ED/NAVIENT | ▮▮▮1ER0**** | Over 120 Days Past Due | $0 |
| **Data Furnisher** | **Account Number** | **Status** | **Balance** |
| DEPT OF ED/NAVIENT | ▮▮▮1ER0**** | Over 120 Days Past Due | $0 |
| **Data Furnisher** | **Account Number** | **Status** | **Balance** |
| DEPT OF ED/NAVIENT | ▮▮▮1ER0**** | Over 120 Days Past Due | $0 |
| **Data Furnisher** | **Account Number** | **Status** | **Balance** |
| DEPT OF ED/NAVIENT | ▮▮▮1ER0**** | Over 120 Days Past Due | $0 |
| **Data Furnisher** | **Account Number** | **Status** | **Balance** |
| DEPT OF ED/NAVIENT | ▮▮▮1ER0**** | Over 120 Days Past Due | $0 |
| **Data Furnisher** | **Account Number** | **Status** | **Balance** |
| DEPT OF ED/NAVIENT | ▮▮▮1ER0**** | Over 120 Days Past Due | $0 |

3000 CUSTER ROAD, SUITE 270 # 1501│ PLANO, TX 75075

National Toll Free: (877) 994-3289; Baton Rouge: (225) 412-2777; Dallas: (214) 296-9240; Miami: (305) 507-9200; Atlanta: (678) 935-7424; Philadelphia: (610) 968-1133 Tyler: (214) 296-9240

| Data Furnisher | Account Number | Status | Balance |
|---|---|---|---|
| FEDLOAN SERVICING | ███8FD0**** | Over 120 Days Past Due | $0 |

| Data Furnisher | Account Number | Status | Balance |
|---|---|---|---|
| FEDLOAN SERVICING | ███8FD0**** | Over 120 Days Past Due | $0 |

| Data Furnisher | Account Number | Status | Balance |
|---|---|---|---|
| FEDLOAN SERVICING | ███8FD0**** | Over 120 Days Past Due | $0 |

| Data Furnisher | Account Number | Status | Balance |
|---|---|---|---|
| FEDLOAN SERVICING | ███8FD0**** | Over 120 Days Past Due | $0 |

| Data Furnisher | Account Number | Status | Balance |
|---|---|---|---|
| FEDLOAN SERVICING | ███8FD0**** | Over 120 Days Past Due | $0 |

| Data Furnisher | Account Number | Status | Balance |
|---|---|---|---|
| FEDLOAN SERVICING | ███8FD0**** | Over 120 Days Past Due | $0 |

If this incorrect information is not removed or corrected from my client's credit report further action might be instituted under 15 U.S.C. § 1681. If necessary or required, we will obtain local and licensed counsel to aid in this matter. The data furnisher that we are disputing above has a lengthy history of FCRA violations, which that can be proven by viewing PACER. Please let this serve notice that the information that they have in the past, as well as the current credit data that they are providing you is inaccurate and cannot be trusted. Please respond to this dispute by sending your investigation results to my law firm, McCarty & Raburn Law Firm, A Consumer Law Firm PLLC, 3000 Custer Road, Suite 270 #1501, Plano, TX 75075.

Sincerely,

Jonathan Raburn

62. Equifax did not conduct a good faith and reasonable investigation into Plaintiff's dispute. If they had, they would have discovered that AES, Navient and Fedloan were reporting an incorrect historical pay status to them instead of an accurate current pay status. All the information Equifax needed to determine this was in its own records and files. Based on information and belief, Equifax forsook its duties under the Fair Credit Reporting Act and has not conducted its own independent investigation into Plaintiff's dispute of the AES, Navient and Fedloan accounts. Equifax simply parroted data from an ACDV sent to it by AES, Navient and

Fedloan. Based on information and belief, Equifax did not place one call or send one email investigating Plaintiff's dispute of the AES, Navient and Fedloan accounts. Equifax simply regurgitated data from the ACDV.

63.      The disputed accounts have a current pay status that is "Pay Status: Over 120 Days Past Due" even though Equifax is currently reporting Plaintiff's accounts with a "$0" balance. It is impossible for Plaintiff to make "$0" payments to bring the accounts current. With this type of reporting, Plaintiff will never be able to bring the accounts current. A reproduction of the inaccurate reporting is seen below.

**Dept of Ed/Navient**    PO Box 9635 Wilkes Barre PA 18773-9635

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| R022* | 10/03/2011 | $315 | | | | 13 | Transfer/Sold | |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymnt | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/12/2018 | $0 | | | $0 | $0 | 04/2016 | | | | | | | 04/2017 |

Status - Over 120 Days Past Due; Type of Account - Installment; Type of Loan - Education Loan; Whose Account - Individual Account;   ADDITIONAL INFORMATION - Account Transferred or Sold; Student Loan; Fixed Rate; 180 Days or More Past Due;

| Account History with Status Codes | 04/2017 | 03/2017 | 02/2017 | 01/2017 | 12/2016 | 11/2016 | 10/2016 | 09/2016 | 08/2016 | 07/2016 | 06/2016 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 5 | 4 | 3 |

---

**Dept of Ed/Navient**    PO Box 9635 Wilkes Barre PA 18773-9635

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| R012* | 10/04/2010 | $4,500 | | | | 13 | | |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymnt | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/12/2018 | $0 | | | $0 | $0 | 04/2016 | | | | | | | 04/2017 |

Status - Over 120 Days Past Due; Type of Account - Installment; Type of Loan - Education Loan; Whose Account - Individual Account;   ADDITIONAL INFORMATION - Account Transferred or Sold; Student Loan; Fixed Rate; 180 Days or More Past Due;

| Account History with Status Codes | 04/2017 | 03/2017 | 02/2017 | 01/2017 | 12/2016 | 11/2016 | 10/2016 | 09/2016 | 08/2016 | 07/2016 | 06/2016 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 5 | 4 | 3 |

---

**Dept of Ed/Navient**    PO Box 9635 Wilkes Barre PA 18773-9635

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| R062* | 07/25/2012 | $959 | | | | 12 | Transfer/Sold | |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymnt | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/12/2018 | $0 | | | $0 | $0 | 04/2016 | | | | | | | 03/2017 |

Status - Over 120 Days Past Due; Type of Account - Installment; Type of Loan - Education Loan; Whose Account - Individual Account;   ADDITIONAL INFORMATION - Account Transferred or Sold; Student Loan; Fixed Rate; 180 Days or More Past Due;

| Account History with Status Codes | 03/2017 | 02/2017 | 01/2017 | 12/2016 | 11/2016 | 10/2016 | 09/2016 | 08/2016 | 07/2016 | 06/2016 |
|---|---|---|---|---|---|---|---|---|---|---|
| | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 5 | 4 | 3 |

---

**Dept of Ed/Navient**    PO Box 9635 Wilkes Barre PA 18773-9635

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| R032* | 07/25/2012 | $2,815 | | | | 12 | Transfer/Sold | |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymnt | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/12/2018 | $0 | | | $0 | $0 | 04/2016 | | | | | | | 03/2017 |

Status - Over 120 Days Past Due; Type of Account - Installment; Type of Loan - Education Loan; Whose Account - Individual Account;   ADDITIONAL INFORMATION - Account Transferred or Sold; Student Loan; Fixed Rate; 180 Days or More Past Due;

| Account History with Status Codes | 03/2017 | 02/2017 | 01/2017 | 12/2016 | 11/2016 | 10/2016 | 09/2016 | 08/2016 | 07/2016 | 06/2016 |
|---|---|---|---|---|---|---|---|---|---|---|
| | 6 | 6 | 6 | 6 | 6 | 6 | 6 | 5 | 4 | 3 |



64.     Equifax was notified and made aware of the specific issues from the dispute letter. It should have been easy for Equifax to determine that the accounts were extremely inaccurate with the information that was provided.

65.     Equifax is allowing the data furnishers, AES, Navient and Fedloan to report historical data within a data field for the *current status* of the accounts. When a *current status* code is used to report historical data, the credit scoring algorithm's treat the historical data as *current*

*data*. The effect is obvious. The erroneous status decreases the consumer's credit worthiness by implying that the consumer is currently late on an existing obligation. In other words, if AES, Navient and Fedloan would have reported Plaintiff's AES, Navient and Fedloan accounts as previously late on their loans—an accurate reporting, Plaintiff would not be here today.

66.    The fact that Equifax is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports to the best of Plaintiff's information and belief, which are viewable and have been viewed by third parties, is proof that Equifax did not conduct a reasonable investigation. If Equifax would have thoroughly investigated the issues, they would have determined that the accounts were paid off, with a "$0" balance and still reporting as if Plaintiff is currently late and past due. If Equifax had conducted a reasonable and good faith investigation they would have corrected or deleted the Plaintiff's accounts that are inaccurate and misleading.

The section entitled "Procedure in case of disputed accuracy" under 15 U.S.C. §1681i(a)(1)(a) reads:

(a)  Reinvestigations in case disputed information

 (1) Reinvestigation required

(A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And:

16  U.S.C. §1681i(a)(5) reads:

(5) Treatment of Inaccurate or Unverifiable Information

30

(A)*In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

(iii) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(iv) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

67.     Equifax is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. If Equifax was complying with 15 U.S.C. §1681e(b), it would place a filter or formula in its reporting system that would suppress or block accounts with a zero balance from being reported with a current status of past due or late.

68.     Plaintiff's debt on the AES, Navient and Fedloan accounts was fully eliminated, but Equifax continued to report the accounts with a late/past due status. If Equifax had reasonable procedures, they would not allow accounts to report as though the accounts are currently past due, with a "$0" balance. This simply makes no logical sense. Equifax should be reporting the accounts as "current" or was "previously past due" and not "past due."  These accounts are reporting as though the Plaintiff is currently past due each month. With this type of reporting, Plaintiff will never be able to make their accounts current. Equifax lacks the procedures to avoid such faulty reporting. Equifax knows that these accounts were paid, however, they continue to report a current status as past due.

15 U.S.C. §1681e(b) reads as follows:

(b) Accuracy of the Report

Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum

possible Accuracy of the information concerning the individual about whom the report relates.

69.  Equifax has been on notice that reporting an account with a $0 balance and a late status is not accurate. Equifax was a co-defendant in *Macik v. JPMorgan Chase Bank, N. A., et al.*: U.S. District Court for the Southern District of Texas, Galveston Division (Case 3:14-cv-44). Plaintiff's Counsel filed suit against Trans Union, Equifax and JPMorgan Chase bank in Galveston, Texas, alleging that they were reporting her pay status as 90 days past due, with a zero ($) balance, even though the account was paid off five years earlier. Macik lost a home loan because the program that is used in determining eligibility specifically stated that her Chase account was late two or more times in the last twelve months, even though the loan it was referring to was paid in full five (5) years earlier.

70.    The Macik jury determined that reporting an account with a $0 balance, and a current late pay status, is not only inaccurate, but a willful violation of the FCRA. Equifax knows this because they were a co-defendant and had counsel present when the jury verdict was rendered as well as receiving an ECF copy of the ruling.  Even though this verdict was from an outside circuit, Plaintiff cites it simply to show that this inaccurate reporting is an issue that not only should be determined by a jury, but that, in fact, a jury has already returned a verdict on the issue deeming this type of reporting as inaccurate and a willful violation of the FCRA.

### ***Third Parties have viewed Plaintiff's Equifax's Credit Report***

71.    The negative tradeline(s) reported by AES, Navient and Fedloan on Plaintiff's Equifax Credit report have been viewed by third parties all to the detriment and loss of the Plaintiff.

72.    Plaintiff has suffered actual harm due to Equifax still reporting the negative tradeline provided by AES, Navient and Fedloan on Plaintiff's Equifax report even though Equifax

was put on notice of the inaccurate negative reporting through Plaintiff's dispute letter.

73.     The conduct of the Defendant was the direct and proximate cause, as well as, a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as, such other relief, permitted by law.

**Industry Guidelines cannot negate Defendant's obligations under the FCRA**

74.     Neither Defendant can rely on their industry guidelines as a defense in this matter. Please see *EMILY COULTER, Plaintiff, v. CHASE BANK USA, N.A., Defendant."* We agree with Plaintiff that Defendant may not use these guidelines as a defense here. Notably, Defendant does not cite to any legal authority for the proposition that adherence to these industry guidelines shields it from FCRA liability. (*See* ECF No. 86 at 15-16.) Indeed, the relevant case law plainly runs counter to this argument. *See, e.g.*, *Florence v. Cenlar Fed. S&L*, No. 16-587, 2018 U.S. Dist. LEXIS 34151, at *20 (D. Nev. Mar. 1, 2018) ("industry guidelines—such as Metro 2—do not establish the standards for accuracy under the FCRA."); *Burrows v. Experian Info. Sols., Inc.*, No. 16-6356, 2017 U.S. Dist. LEXIS 39845, at *21-22 (N.D. Cal. Mar. 20, 2017) ("FCRA does not mandate compliance with Metro 2 or any other particular set of industry standards."). EMILY COULTER, Plaintiff, v. CHASE BANK USA, N.A., Defendant., No. CV 18-1538, 2020 WL 5820700, at *12 (E.D. Pa. Sept. 30, 2020)

75.     The negative tradeline(s) reported by AES, Navient and Fedloan on Plaintiff's Trans Union and Equifax Credit Reports have been viewed by third parties all to the detriment and loss of the Plaintiff.

76.     Plaintiff has suffered actual harm due to Trans Union and Equifax still reporting the

negative tradeline provided by AES, Navient and Fedloan on Plaintiff's Trans Union and Equifax reports even though Defendant's were put on notice of the inaccurate negative reporting through Plaintiff's dispute letter.

77.      The conduct of Defendants was the direct and proximate cause, as well as, a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as, such other relief, permitted by law.

## **DEMAND FOR JURY TRIAL**

78.      Plaintiff demands trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants based on the following requested relief:

a.  Actual damages pursuant to 15 U.S.C. §1681;

b.  Statutory damages pursuant to 15 U.S.C. §1681;

c.  Punitive damages pursuant to 15 U.S.C. §1681;

d.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

e.  Such other and further relief as may be necessary, just and proper.

Respectfully submitted,
BY: */s/ Matthew Weisberg*          BY: */s/ Gary Schafkopf*
MATTHEW B. WEISBERG, ESQ          GARY SCHAFKOPF, ESQ
WEISBERG LAW                       SCHAFKOPF LAW, LLC
Attorney ID No. 85570              Attorney ID No. 83362
7 South Morton Ave. 19070          11 Bala Ave
Morton, PA                         Bala Cynwyd, PA 19004
610-690-0801                       610-664-5200 Ext 104
Fax: 610-690-0880                  Fax: 888-238-1334
DATED: 11-9-2020                   DATED: 11-9-2020